UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.    CRIMINAL ACTION NO.  2:04-00162

GREGORY BRENT STOWERS
JERRY ALLEN WEAVER
RALPH DALE ADKINS
WANDELL ADKINS
CLIFFORD ODELL VANCE
TONY DINGESS


MEMORANDUM OPINION AND ORDER

Pending are motions to sever filed by defendants Ralph Dale Adkins, Gregory Brent Stowers, and Toney Dingess. Defendants Adkins and Dingess moved for severance on September 29 and 28, 2005, respectively.  Defendant Stowers moved twice for the requested relief, on June 21 and September 29, 2005.[1]

I.

On August 3, 2005, the government filed an eight count, third superseding indictment.  Defendant Stowers was accused in Count I of conspiracy to engage in vote buying in

---

[1] According to the docket sheet and a pending motions report, these appear to be the only formal motions for severance filed in the case.

violation of 18 U.S.C. § 371 and 42 U.S.C. 1973i.  He is mentioned multiple times in the overt act section of Count I.

Defendant Ralph Dale Adkins ("defendant Adkins") was also named in Count I.  He is mentioned in two overt acts as (1) converting a quantity of United States currency into $5 and $10 bills for use in buying votes in or around May 1996, and (2) paying an individual $10 for voting in the May 2002 primary election.  Defendant Adkins is also accused in Count III of paying the same individual $10 for voting in the same May 2002 primary election in violation of 42 U.S.C. § 1973i.

Defendant Dingess is likewise named in Count I but, like defendant Adkins, he is only mentioned in two overt acts. He is accused therein of (1) aiding and abetting defendant Wandell Adkins in paying cash to an unnamed person in exchange for his vote and that of his wife, and (2) paying additional cash to another unnamed person for his vote and that of his wife, both in or around the May 2004 primary election.  Defendant Dingess is also charged in two substantive counts, Counts VII and VIII, with what appears to be the same conduct charged in the overt acts. Count VII charges him with aiding and abetting Defendant Wandell Adkins, and vice versa, in buying votes in or around the May 2004 primary election.  Count VIII charges Dingess with other vote

buying activity in that same primary election.  Both of these Counts allege violations of 42 U.S.C. § 1973i.

Defendant Stowers moves to sever based upon the following grounds: (1) an April 30, 2004, statement of co-defendant Clifford Vance implicating defendant Stowers in wrongdoing ostensibly creates a <u>Bruton</u> problem; and (2) a joint trial would deny him the "strong likelihood" that exculpatory evidence would be provided to him by the other moving co-defendants Dingess and Adkins.

Defendant Adkins moves to sever based upon spillover prejudice, asserting he has a markedly lesser degree of both culpability and involvement than the remaining defendants.

Defendant Dingess' moves to sever based upon the facts that in a joint trial he (1) would be denied exculpatory evidence from co-defendant Wandell Adkins; and (2) he too would suffer spillover prejudice.

II.

A.  The General Standards Governing Severance

Federal Rule of Criminal Procedure 8(b) provides that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Our court of appeals has observed that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). There is a presumption that co-defendants will be tried jointly, and the presumption applies equally to conspiracy cases. Zafiro v. United States, 506 U.S. 534, 537-38 (1993). Indeed, the court of appeals has observed the presumption is particularly apropos in the conspiracy setting. United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983); United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)(stating "the well-established principle that defendants who are charged in the same criminal conspiracy should be tried together.").

Rule 14(a), Federal Rules of Criminal Procedure, however, permits severance "[i]f the joinder . . . appears to prejudice a defendant . . . ." Fed. R. Crim. Proc. 14(a). In making the severance determination generally, the focus is on whether the failure to sever will result in the compromise of a specific trial right of one of the defendants or prevent the jury from making a reliable judgment concerning guilt or innocence. Zafiro, 506 U.S. at 539. The mere facts that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, is an insufficient basis for ordering separate trials. See United States v. Strickland, 245 F.3d 368, 384 (4th Cir. 2001); Reavis, 48 F.3d at 767.

B.   Analysis

1. Bruton[2]

At its most general level, Bruton v. United States, 391 U.S. 123 (1968), teaches that a Sixth Amendment violation is visited upon a defendant when (1) his non-testifying co-

---

[2]The court notes it has previously denied from the bench this portion of defendant Stowers' motions to sever. The following discussion merely explicates the court's ruling on that occasion.

defendant's confession is offered at trial, and (2) it names the defendant as a participant in the crime under consideration.  <u>Id.</u> at 135-36.

In an April 30, 2004, statement to two law enforcement officers, co-defendant Clifford Vance stated that he received from defendant Stowers money to buy votes.  The government has made the following concession concerning the inculpatory statement:

> Unless and until Vance may take the witness stand in his own defense, the United States will only elicit from the officers that Vance himself bought votes in Lincoln County in elections over the past sixteen to eighteen years and that Vance got the money -- sometimes as much as $800.00 at a time -- from "another person."

(Gov't Resp. to Def. Stower's Mots. at 20-21 (Oct. 3, 2005).)

It is thus undisputed that the government would refer to defendant Stowers in a neutral, anonymous manner when discussing the statement.  This concession, along with the court's willingness to provide instructions on speculation or other germane matters requested by defendant Stowers, eliminates any perceived <u>Bruton</u> issue according to our court of appeals' precedent.  <u>See</u>, <u>e.g.</u>, <u>United States v. Akinkoye</u>, 185 F.3d 192, 198 (4th Cir. 1999)("The prosecutor had the confessions retyped, and replaced the defendants' respective names with the phrase

6

"another person" . . . . Given the neutral phrase[] used in the statements the defendants were not prejudiced in any way."); <u>United States v. Vogt</u>, 910 F.2d 1184, 1192 (4th Cir. 1990)("[W]e think <u>Bruton</u> did not bar admission of the redacted statement here. Critically, it did not 'on its face' incriminate Vogt, though its incriminating import was certainly inferable from other evidence that earlier had been admitted properly against him. In such a situation, though it may not be easy for a jury to obey the cautionary instruction, 'there does not exist the overwhelming probability of their inability to do so that is the foundation of <u>Bruton</u>'s [rule].'")(citations omitted).

### 2. Denial of Co-Defendants' Testimony

#### a. Governing Law

Each of the movants assert that, absent severance, they will be denied exculpatory evidence offered by co-defendants. Our court of appeals spoke to this ground for severance at length in <u>Parodi</u>, where the court set forth a dual factoring analysis:

> Where the motion for severance is based, as here, on the asserted need for a co-defendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a

>  second trial and waive his Fifth Amendment privilege,
>  (3) the substance of his co-defendant's testimony, and
>  (4) the exculpatory nature and effect of such
>  testimony.  <u>Given such a showing</u>, the court should (1)
>  examine the significance of the testimony in relation
>  to the defendant's theory of defense; (2) assess the
>  extent of prejudice caused by the absence of the
>  testimony; (3) pay close attention to judicial
>  administration and economy; (4) give weight to the
>  timeliness of the motion, and (5) consider the
>  likelihood that the co-defendant's testimony could be
>  impeached.

<u>Parodi</u>, 703 F.3d at 779 (emphasis supplied) (citations omitted).  In the later <u>Reavis</u> case, the court of appeals observed that where, as here, a defendant seeks severance, in part, on the "asserted need for a co-defendant's testimony[,]" it is an argument "far less likely to succeed" than other potential grounds.  <u>Reavis</u>, 48 F.3d at 767.

    b.    Defendant Adkins

Defendant Adkins initially asserted his severance would be appropriate under <u>Parodi</u>.  He now appears to have abandoned that argument, however, because he lacks a promise from defendant Stowers that Stowers would testify in his behalf if Adkins were severed.  Further, the substance of the testimony sought from Stowers would be the simple observation that Stowers had never visited the Adkins' home.  Regarding the fourth <u>Parodi</u> factor,

the exculpatory nature and effect of such testimony would be minimal at best. Adkins has failed to show a basis for severance under Parodi.

 c. Defendant Stowers

 Applying the four Parodi factors, there is no doubt with respect to the second factor about defendants Dingess' and Adkins' intentions to testify on defendant Stowers' behalf. Both have made clear, through counsel, there are no strings attached to their promised testimony.

 Concerning the third factor, the substance of the testimony is clear. Defendant Dingess' counsel has previously asserted that his client would testify, if Dingess is tried separately, on defendant Stowers' behalf that (1) Dingess did not know any of the other defendants, save defendant Wandell Adkins, prior to his arrest, (2) he had no agreement with any of the defendants to buy votes, and (3) he in no way engaged in any illegal conduct with any of the defendants. Defendant Adkins would similarly testify that he did not engage in any illegal conduct with defendant Stowers between 1990 through 2004. Both defendants would further testify they were not involved with defendant Stowers or anyone else in receiving money to buy votes.

Regarding the fourth factor, the proffered testimony is somewhat "'vague and conclusory[,]'" consisting of statements that are of "'negligible weight or probative value[.]'" Id. at 780 (quoted authority omitted). In sum, these very general denials, offered by co-conspirators, are self serving and do not have the evidentiary force necessary to overcome the strong policies against severance. The analysis in Parodi concerning this fourth factor is instructive:

> [T]he showing must be such as to establish that the moving defendant "will be unable to obtain a fair trial without severance, not merely that a separate trial would offer him a better chance of acquittal," or an opportunity to proffer evidence which "merely contradict[s] part of the Government's proof," . . . .

Parodi, 703 F.2d at 780 (quoted authority omitted). The absence of the evidence would not deny defendant Stowers a fair trial. This is especially so in view of the court's ultimate severance of Dingess, discussed in the next subsection.

Regarding the first factor, the foregoing discussion calls into question whether the testimony is truly needed in view of its very general nature.

Given defendant Stowers' minimal showing on the first and fourth factors, the court again dispenses with the secondary factoring analysis. The court ORDERS that defendant Stowers' motions for severance be, and they hereby are, denied.

### d. Defendant Dingess

Defendant Dingess contends that he will be denied exculpatory testimony from co-defendant Wandell Adkins absent severance. In contrast to the foregoing requests, the testimony proffered by defendant Dingess is specific and narrowly tailored to defending the allegations made in a substantive count.

Count VII alleges that defendants Wandell Adkins and Dingess, aided and abetted by each other, paid a voter during the May 11, 2004, primary election. The voter, a Mr. Ferguson, testified before the grand jury that he walked to a truck in which the two defendants were sitting and, upon advising them that he voted, defendant Wandell Adkins nodded his head and defendant Dingess gave Ferguson twenty dollars. If a separate trial were held, defendant Wandell Adkins would testify that (1) neither he nor defendant Dingess inquired about whether Ferguson had voted, (2) defendant Dingess did not nod his head or give any other signal, and (3) no money changed hands. Although the government asserts that there are other witnesses who could testify to the payment, it did not name them at the hearing. Defendant Dingess counters that only the foregoing three individuals were present at the time of the encounter.

Defendant Dingess has shown a bona fide need for the proffered testimony. Assuming the truth of defendant Dingess' representation concerning the presence of only three persons, he would be denied the favorable testimony of the only other attendee absent severance. Second, it appears certain that defendant Wandell Adkins would testify at a separate trial for Dingess as indicated above. His counsel, in defendant Wandell Adkins' presence, represented as much in direct response to the court's inquiry at the October 19, 2005, pretrial motions hearing. Third, the substance of the testimony is clear. Fourth, the exculpatory nature and effect of the proffered testimony is apparent. It appears that absent a severance the jury might be presented a one-sided account of a specific encounter which defendant Dingess could rebut at a separate trial. This setting comes much closer to implicating fair trial concerns than those previously discussed. On balance, then, defendant Dingess has made the requisite showing on the first four factors.

Three of the five secondary factors likewise weigh in favor of severance. The proffered testimony is quite supportive of defendant Dingess' defense that the encounter did not transpire as suggested by Ferguson. The absence of such

testimony, as noted, would severely hamper and prejudice the defense of Count VII. Further, the motion was timely. Although defendant Wandell Adkins' testimony might be impeached in some measure, and judicial economy would be negatively impacted somewhat by a separate trial, these considerations are insufficient to overcome the severance request. Accordingly, the court ORDERS that defendant Dingess' motion to sever be, and it hereby is, granted.

### 3. Spillover Prejudice

Defendant Adkins asserts that he will be prejudiced in a joint trial given his comparatively minor involvement in this lengthy and complex conspiracy. He has failed though to demonstrate how, absent severance, he will suffer the compromise of a specific trial right or receive a jury verdict that does not reflect a reliable judgment concerning guilt or innocence. In essence, the argument for severance under this heading is one that merely asserts a better chance of acquittal outside of a joint trial. The Supreme Court and our court of appeals have consistently rejected this species of argument for severance. Inasmuch as the argument is an insufficient basis for ordering separate trials, the court ORDERS that defendant Adkins' motion to sever be, and it hereby is, denied.

III.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That defendant Stowers' motions to sever be, and they hereby are, denied;

2. That defendant Ralph Dale Adkins' motion to sever be, and it hereby is, denied; and

3. That defendant Dingess' motion to sever be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to the defendants, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 19, 2005

_____
John T. Copenhaver, Jr.
United States District Judge